PER CURIAM.
Lewis argues the instant 3.850 motion is not successive because although he raised this issue in a prior motion, the prior motion was denied as untimely; it was not decided on the merits. We agree with defendant that this motion is not barred as successive, but not for the reason appellant argues. Because the alleged breach of plea agreement did not occur until August 13, 2003, appellant’s motion is neither untimely nor impermissibly successive.
On the merits, defendant agrees that the state did not oppose his parole in 1982 and 1984. The state complied with the plea agreement and Lewis was released on parole in 1983. While he was on parole, he was charged and later convicted of a new offense, grand theft auto. His parole was revoked. Thereafter, in 1996, 1998, and 2003, the state has opposed his release on parole. The state sufficiently satisfied its obligations in 1982 and 1984 and Lewis was granted parole. The state did not breach the agreement by objecting to his release after he violated parole. The circumstances changed not as a result of anything the state did, but because defendant committed a new crime. It is not reasonable for the defendant to believe that he can commit new offenses while on parole and that the state attorney and law enforcement are precluded from commenting on his suitability for subsequent parole release, where the state’s agreement pertained only to the original 1974 sentence.

Affirmed.

GUNTHER, STONE and POLEN, JJ., concur.